UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLUMBUS JAMES,

    Plaintiff,

vs.

BRAD MELLOR and
ANN ARBOR PUBLIC SCHOOLS,

    Defendants.
_____/

Civil Action No.
09-CV-11230

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL AND DISMISSING THE COMPLAINT IN PART**

This matter is presently before the court on plaintiff's applications to proceed in forma pauperis and for appointment of counsel [docket entries 2 and 3]. For the following reasons, the court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, (2) deny the application for appointment of counsel, and (3) dismiss the complaint as to defendant Mellor because it is frivolous and/or fails to state a claim upon which relief may be granted as to him.

Pursuant to 28 U.S.C. § 1915(a)(1), the court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent

any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). As "exceptional circumstances" are not apparent in the present case, the court shall not appoint counsel at this time.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the present case, plaintiff's complaint alleges in its entirety as follows:

> I Columbus James was discriminated against by Brad Mellor and the Ann Arbor Public Schools. I was charged with charges that were the same as other white driver, but I was fired, the other white driver were suspended 5 to 30 days. Also I was charged with charges that were also untrue. I've worked at this job for 20 years, and the other white drivers with same charges have at least less than half the years I invested into this job. And last, Brad Mellor and Ann Arbor Public Schools used unfair labor practice.

Although the complaint does not allege a jurisdictional basis, plaintiff appears to allege defendants discriminated against him based on his race. If proven, this allegation may state a claim for relief under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1). Plaintiff has attached a right-to-sue letter to his complaint. However, a Title VII action may be brought only against plaintiff's employer, which in this case appears to be the Ann Arbor Public Schools. Brad Mellor is not a proper defendant. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepayed.

IT IS FURTHER ORDERED that plaintiff's application for appointment of counsel is denied.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as to defendant Mellor for failure to state a claim.

IT IS FURTHER ORDERED that the United States Marshal shall serve the complaint upon defendant Ann Arbor Public Schools.

                                            S/Bernard A. Friedman
Dated: May 1, 2009                    BERNARD A. FRIEDMAN
     Detroit, Michigan            SENIOR UNITED STATES DISTRICT JUDGE

3